UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| COLBY DOUCETTE, et al., | ) | |
| | ) | |
| Plaintiffs | ) | |
| v. | ) | 1:20-cv-00008-LEW |
| | ) | |
| AROOSTOOK COUNTY JAIL, et al., | ) | |
| | ) | |
| Defendants | ) | |

**RECOMMENDED DECISION ON PLAINTIFF'S COMPLAINT**

On January 8, 2020, Plaintiff Herbert Adams filed a complaint (ECF No. 1), but did not pay the filing fee or file a motion to proceed in forma pauperis. On January 10, 2020, the Court ordered Plaintiff to pay the filing fee or file a completed in forma pauperis application. (Order, ECF No. 2.) On January 23, 2020, February 25, 2020, and March 10, 2020, Plaintiff filed Motions for Leave to Proceed In Forma Pauperis. The Court granted the motions and on March 11, 2020, ordered Plaintiff to notify the Court by March 23, 2020, whether he intended to proceed in the matter. The Order was returned to the Court on March 20, 2020 and marked "undeliverable. Reason: Return to Sender Not Here." (ECF No. 9.)

Because Plaintiff has not filed a notice of intent to proceed and has not otherwise communicated with the Court in response to the Court's order directing him to advise the Court of his intention to proceed in the matter, I recommend the Court dismiss the matter

**Discussion**

"A district court, as part of its inherent power to manage its own docket, may dismiss a case sua sponte for any of the reasons prescribed in Fed. R. Civ. P. 41(b)." *Cintron-*

*Lorenzo v. Dep't de Asumtos del Consumidor*, 312 F.3d 522, 526 (1st Cir. 2002) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629 – 31 (1962)).  Federal Rule of Civil Procedure 41(b) authorizes the Court to dismiss an action for a party's failure to prosecute and failure to comply with the Court's orders.  Here, Plaintiff has (a) failed to comply with the Court's January 24, 2020, February 26, 2020, and March 11, 2020, Orders that required Plaintiff to notify the court of his intent to proceed, and (b) failed to notify the Court of his current address.  Plaintiff thus has failed to comply with the Court's orders and has otherwise failed to prosecute his claim.

Furthermore, to the extent Plaintiff is not incarcerated, Plaintiff has not apprised the court of his location or contact information.  Parties to litigation have a duty to inquire periodically regarding the status of the litigation and to keep the court informed of their current address and contact information.  *United States v. Guerrero*, 302 Fed. App'x 769, 771 (10th Cir. 2008); *Lewis v. Hardy*, 248 Fed. App'x 589, 593 (5th Cir. 2007) (per curiam); *Carvel v. Durst*, No. 1:09-cv-06733, 2014 WL 787829, at *1 n.5 (S.D.N.Y. Feb. 25, 2014); *Am. Arbitration Ass'n, Inc. v. Defonseca*, No. 1:93-cv-02424, 1997 WL 102495, at *2 (S.D.N.Y. Mar. 6, 1997) ("[A] litigant's obligation to promptly inform the Court and the opposing party of an address change is a matter of common sense, not legal sophistication.")

Given Plaintiff's failure to comply with the Court's orders and his failure to inform the Court of his new contact information, dismissal is warranted.

## Conclusion

Based on the foregoing analysis, I recommend the Court dismiss Plaintiff's complaint.[1]

## **NOTICE**

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof.

Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 25th day of March, 2020.

---

[1] Plaintiff Herbert Adams was the only plaintiff to sign the complaint. In addition to his individual claim, he evidently attempted to assert a claim for two other individuals. "The federal courts have consistently rejected attempts at third-party lay representation. By law, an individual may appear in federal courts only pro se or through legal counsel." *Herrera-Venegas v. Sanchez-Rivera*, 681 F.2d 41, 42 (1st Cir. 1982) (citing *United States v. Taylor*, 569 F.2d 448, 450 – 51 (7th Cir.), *cert. denied*, 435 U.S. 952 (1978), and 28 U.S.C. § 1654). As a pro se litigant, Plaintiff cannot represent other prisoners in this court, though he may provide advice and assistance to his fellow inmates on their legal matters. *Id.*; *see also Smith v. Schwarzenegger*, 393 Fed. App'x 518, 519 (9th Cir. 2010); *Heard v. Caruso*, 351 Fed. App'x 1, 15 (6th Cir. 2009); *Fowler v. Lee*, 18 Fed. App'x 164, 165 (4th Cir. 2001) (per curiam) ("It is plain error for a pro se inmate to represent other inmates in a class action."). Accordingly, if the Court adopts the recommendation, the dismissal would be as to the entire action.