UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| COLBY DOUCETTE, et al., | ) | |
| | ) | |
| Plaintiffs | ) | |
| | ) | |
| v. | ) | 1:20-cv-00008-LEW |
| | ) | |
| AROOSTOOK COUNTY JAIL, et al., | ) | |
| | ) | |
| Defendants | ) | |

### RECOMMENDED DECISION ON REQUEST FOR POST-JUDGMENT RELIEF

Plaintiff Adams moves to set aside the judgment of dismissal entered in this matter. (Motion, ECF No. 16.)  Following a review of Plaintiff's motion, I recommend the Court deny the motion.

#### BACKGROUND

Plaintiff, a former inmate of the Aroostook County Jail, filed suit on his behalf and on behalf of two other inmates, alleging a lack of access to adequate legal research material. (Complaint at 2-3, ECF No. 1.)  Plaintiff filed his complaint on January 8, 2020, and moved for leave to proceed in forma pauperis on January 23, 2020, which motion the Court granted on January 24, 2020.[1]  (*See* ECF Nos. 3, 4.)  The Court, however, ordered Plaintiff to file an updated certificate signed by an authorized representative of the jail and extended the time for Plaintiff to notify the Court in writing whether he intended to incur the cost of the

---

[1] Plaintiff filed a revised motion for leave to proceed in forma pauperis (ECF No. 5), which the Court mooted because it had granted Plaintiff's prior motion.  (ECF No. 6.)

filing fee and proceed with the action. (*Id.*) The Court warned Plaintiff that failure to do so could result in the complaint being dismissed. (*Id.*)

Plaintiff filed a second revised motion for leave to proceed in forma pauperis with a signed certificate (ECF No. 7), which the Court granted on March 11, 2020. (ECF No. 8.) The Court specified that Plaintiff was still required to file the notice of intent to proceed. (*Id.*) A copy of the March 11, 2020, order was mailed to Plaintiff, but the mail was returned to the Court as undeliverable on March 20, 2020. (ECF No. 9.)

On March 25, 2020, I recommended the complaint be dismissed because Plaintiff did not file the notice of intent to proceed and did not otherwise keep the Court apprised of his current address. (ECF No. 10.) A copy of the recommended decision was mailed to Plaintiff and returned to the Court as undeliverable. (ECF No. 11, 12.) On May 18, 2020, the Court affirmed the recommended decision and dismissed the case. (ECF No. 13.) Judgment was entered on May 19, 2020. (ECF No. 14.)

Plaintiff filed the present motion on March 16, 2022.

## DISCUSSION

Federal Rule of Civil Procedure 60(b)(1) provides that a court may grant relief from a final judgment for "mistake, inadvertence, surprise, or excusable neglect."[2]  Plaintiff contends that he was unaware of the Court's March 11, 2020, order granting him leave to proceed in forma pauperis and requiring him to notify the Court by March 23, 2020,

---

[2] Plaintiff does not argue other grounds for relief provided by Rule 60(b) are applicable here, such as newly discovered evidence (60(b)(2)); fraud, misrepresentation, or misconduct by an opposing party (60(b)(3)); or the judgment being void (60(b)(4)) or satisfied, released or discharged (60(b)(5)).

2

whether he intended to proceed with the matter, because he was released from custody on March 9, 2020, and never received the Court's mailings after that date.  (Motion, Exhibit 1, ECF No. 16-1.)   A motion under Rule 60(b)(1) must "be made within a reasonable time—and … no more than a year after the entry of judgment …." Fed. R. Civ. P. 60(c)(1).  "[T]he expiration of the one-year period mandated by [Rule 60] 'is an absolute bar to relief from judgment.'"  *Hofland v. Perkins*, No. 1:09-cv-00201-JAW, 2011 WL 213287, at *1 (D. Me. May 27, 2011) (quoting *United States v. Marin*, 720 F.2d 229, 231 (1st Cir. 1983)); *see also Gladu v. Correct Care Solutions*, No. 2:15-cv-00384-JAW, 2020 WL 184693, at *4 (D. Me. Jan. 13, 2020).  Plaintiff,  therefore, is not entitled to relief under Rule 60(b)(1).

Under Rule 60(b)(6), the Court may grant relief from judgment for "any other reason that justifies relief."  Rule 60(b)(6) is not subject to the one-year time limitation.  "Courts have found few narrowly-defined situations that clearly present 'other reasons justifying relief,'" 11 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 2864 (3d ed. 2012), and, as this Court has explained,

> [e]xcept in narrow circumstances, the "rule of mutual exclusivity" operates to preclude a grant of relief under Rule 60(b)(6) when any of the first five subsections of the Rule could apply.  *Simon v. Navon*, 116 F.3d 1, 5 (1st Cir. 1997).  "While motions for relief under Rule 60(b)(6) are not subject to a strict time limit, in this circuit a party invoking that subsection must make a 'showing of extraordinary circumstances suggesting that the party is faultless in the delay.'"  *Roosevelt REO PR II Corp. v. Del Llano-Jiménez*, 765 Fed. App'x 459, 461 (1st Cir. 2019) (emphasis omitted) (quoting *Dávila-Alvarez v. Escuela de Medicina Universidad Central Del Caribe*, 257 F.3d 58, 67 (1st Cir. 2001)).  Such a showing of extraordinary circumstances is necessary

> because otherwise Rule 60(b)(6) would swallow the first three subsections of the rule, which are stringently time-limited. *See Simon*, 116 F.3d at 5.

*Gladu*, 2020 WL 184693, at *4

Plaintiff contends that the Aroostook County Jail and the U.S. Postal Service had his forwarding address. Plaintiff, however, did not keep the Court apprised of his current address as required. Parties to litigation have a duty to inquire periodically regarding the status of the litigation and to keep the court informed of their current address and contact information. *United States v. Guerrero*, 302 Fed. App'x 769, 771 (10th Cir. 2008); *Lewis v. Hardy*, 248 Fed. App'x 589, 593 (5th Cir. 2007) (per curiam); *Carvel v. Durst*, No. 1:09-cv-06733, 2014 WL 787829, at *1 n.5 (S.D.N.Y. Feb. 25, 2014); *Am. Arbitration Ass'n, Inc. v. Defonseca*, No. 1:93-cv-02424, 1997 WL 102495, at *2 (S.D.N.Y. Mar. 6, 1997) ("[A] litigant's obligation to promptly inform the Court and the opposing party of an address change is a matter of common sense, not legal sophistication."). Plaintiff filed his motion more than two years after the March 11, 2020, order, and more than eighteen months after the entry of judgment. By failing to monitor the status of the case and provide the Court with his current address, Plaintiff was not faultless and his "lack of diligence suggests that his motion does not present extraordinary circumstances." *Gladu*, 2020 WL 184693, at *5 (citing *Carter v. United States*, No. 19-1473, 2019 WL 5963389, at *1 (1st Cir. Sept. 10, 2019)). Because Plaintiff has failed to demonstrate any extraordinary circumstances to support the filing of his motion, Plaintiff's motion was not timely filed.

## CONCLUSION

Based on the foregoing analysis, I recommend the Court deny Plaintiff Adams' request to set aside the judgment.[3]

## **NOTICE**

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof.

Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 31st day of March, 2022.

---

[3] This recommended decision shall not be construed as a determination that the dismissal bars Plaintiff from refiling his complaint. I have not assessed the impact, if any, that the dismissal would have on any subsequent filing.